UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MARK S. HUGHES,<br><br>           Petitioner,<br><br>      vs.<br><br>SUPERINTENDENT,<br><br>           Respondent. | )<br>)<br>)<br>)<br>)  1:11-cv-1425-JMS-DKL<br>)<br>)<br>)<br>)<br>) |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

**I. Petition for Writ of Habeas Corpus**

Mark Hughes is confined at the New Castle Correctional Facility. He brings this action pursuant to 28 U.S.C. § 2254 challenging his convictions in an Indiana state court of robbery and kidnapping.

Hughes has been down this path before. Specifically, in an action docketed as No. 1:11-cv-351-JMS-DKL, Hughes sought habeas corpus relief with respect to the same convictions. The court concluded that the petition was filed outside the applicable statute of limitations. Accordingly, the habeas action docketed as No. 1:11-cv-351-JMS-DKL was dismissed on October 6, 2011.

The adjudication in No. 1:11-cv-351-JMS-DKL was "on the merits" for the purpose of triggering the requirements of 28 U.S.C. § 2244(b). *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005)("The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice, barring relitigation."); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003) (per curiam) ("We hold today that a prior untimely [§ 2254] petition does count [as an adjudication on the merits] because a statute of limitations bar is not a curable technical or procedural deficiency. . . .").

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district

court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Id.*

With the prior habeas petition motion having been adjudicated on the merits and in the absence of authorization for the present filing from the Court of Appeals, this action must now be dismissed for lack of jurisdiction as an unauthorized second or successive habeas application. *Burton v. Stewart,* 127 S. Ct. 793, 796 (2007) (stating that the district court was without jurisdiction to entertain the habeas petition because the petitioner failed to receive the required authorization from the Court of Appeals and had "twice brought claims contesting the same custody imposed by the same judgment of the state court."); *United States v. Lloyd,* 398 F.3d 978, 979 (7th Cir. 2005).

The petitioner's request to proceed *in forma pauperis* [1] is **granted**.

Judgment consistent with this Entry shall now issue.

**II.**

With respect to Hughes' additional statement, the court **denies** Hughes' request for the appointment of counsel because it is not in the interests of justice to do so. Additionally, the clerk shall include a copy of the docket sheet in No. 1:11-cv-351-JMS-DKL with Hughes' copy of this Entry. If Hughes seeks a copy of any particular document filed or issued in a different case, he may present such request in each such case.

### III. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Hughes has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 10/27/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**